IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD HAYWARD, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-15-3381 |
| ERIC C. BROWN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In February 2014, the Housing Authority of Prince George's County terminated Plaintiff Ronald Hayward's rental assistance under the Housing Choice Voucher Program (formerly known as Section 8) after the District Court for Prince George's County evicted him from a subsidized apartment for violating the terms of his lease. Mem. Op. 1, ECF No. 24. Hayward filed suit, alleging that the termination violated his Fourteenth Amendment rights and Department of Housing and Urban Development ("HUD") regulations. Compl. 3, ECF No. 3. At Hayward's request, I appointed pro bono counsel to represent him. ECF Nos. 16, 17. In a Memorandum Opinion and Order issued on September 20, 2016, I denied Defendants' Motion for Summary Judgment in part and granted it in part, finding that a genuine dispute of material fact existed as to whether the Housing Authority held a pretermination hearing as required by the Fourteenth Amendment's Due Process Clause and HUD regulations. Mem. Op. 9–13. Shortly thereafter, the Parties requested a settlement conference before a magistrate judge, ECF No. 36.

United States Magistrate Judge Timothy Sullivan held a settlement conference on March 23, 2017, ECF No. 49, and, at its conclusion, informed me that the parties had reached a

settlement. Accordingly, I issued a Local Rule 111 Order dismissing the case. ECF No. 48. Three weeks later, Hayward filed a pro se appeal with the United States Court of Appeals for the Fourth Circuit,[1] ECF No. 50, and a Motion to Reopen the case in this Court, in which he argues that the settlement agreement lacks legal force because it vitiated any claims that Hayward might have against the Housing Authority, which was not a named defendant, and because it "discriminate[s]" against other Housing Choice Voucher Program recipients by placing him at the top of the waiting list for a subsidized apartment, Mot. to Reopen 2, 4, ECF No. 53. Hayward's pro bono counsel, Jonathan Barnes, filed a Motion to Withdraw, ECF No. 54, which I granted, ECF No. 58. I ordered the Parties to file letter briefing addressing the Motion, ECF No. 60, which they did, Defs. Ltr. Opp'n, ECF No. 61; Pl.'s Ltr. Reply, ECF No. 62. Based on the substance of the Defendants' response, I will construe their Letter as a Motion to Enforce the Settlement Agreement and grant it because there is undisputed evidence of a complete agreement with readily ascertainable terms.[2]

"To enforce a settlement agreement under its inherent equity power, [a] district court '(1) must find that the parties reached a complete agreement and (2) must be able to determine its

---

[1] The Federal Rules of Appellate Procedure permit a party to file a timely Rule 59 motion—which Hayward's Motion to Reopen can be characterized as—even after filing a notice of appeal. Fed. R. App. Proc. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgement—but before it disposes of any motion listed in Rule 4(a)(4)(A) [*e.g.*, a Rule 59 motion]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59–60 (1982). A party may file a Rule 59 motion within 28 days of entry of the judgment that is the subject of the motion. Fed. R. Civ. P. 59(b). The Local Rule 111 Order, which dismissed the case, was entered on March 23, 2017. ECF No. 48. Hayward filed his Motion twenty days later on April 12, 2017. Pl.'s Mot. Consequently, Hayward made a timely Rule 59 motion over which the Court retains jurisdiction despite the fact that he filed a Notice of Appeal that same day.

[2] I do so pursuant to Fed. R. Civ. P. 1, which instructs that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

terms and conditions.'" *Swift v. Frontier Airlines, Inc.*, 636 F. App'x 153, 154–55 (4th Cir. 2016) (per curiam). Under Maryland law, "[s]ettlement agreements are enforceable as independent contracts, subject to the same general rules of construction that apply to other contracts." *Maslow v. Vanguri*, 896 A.2d 408, 419 (2006) (Md. Ct. Spec. App. 2006). To rule on a motion to enforce a settlement agreement, a court need not hold an evidentiary hearing, unless "substantial factual dispute over either the agreement's existence or its terms" exists. *Swift*, 636 F. App'x at 156.

At the March 23 settlement conference, the Housing Authority agreed to issue Hayward a new voucher and to pay him a sum of $5,000 if he agreed to release his legal claims against the Housing Authority, and the Parties memorialized the Agreement's essential terms in a writing signed by Hayward, the Defendants' representatives, and Judge Sullivan. Defs.' Ltr. Opp'n Ex. 1, at 1, ECF No. 61-1.[3] Hayward also signed a notarized Release that contains the Agreement's essential terms, which Barnes witnessed. *Id.* at 2–6. The notarized Release is a self-authenticating document, *see* Fed. R. Evid. 902(8), and Hayward does not dispute its authenticity. As the Release provides undisputed evidence of offer, agreement, and mutual consideration, I find that an enforceable contract exists. The terms of the agreement are clear, requiring Hayward to release his legal claims against the Housing Authority and its officers in exchange for receiving a new voucher and a $5,000 payment. Defs.' Ltr. Opp'n Ex. 1,at 3–4. It is too late for Hayward to protest the terms of settlement to which he agreed. No hearing is necessary because Hayward does not dispute the existence or terms of the Agreement.

---

[3] Citations to the Memorialization of the Settlement Agreement and Release refer to CM/ECF page numbers.

# **ORDER**

Accordingly, for the reasons stated, it is this 16th day of May, 2017, hereby ORDERED that:

1. Plaintiff's Motion to Reopen, ECF No. 53, IS DENIED;

2. The Settlement Agreement entered by the Parties on March 23, 2017, SHALL BE ENFORCED;

3. Plaintiff may continue to pursue his appeal, *see* ECF No. 50, before the United States Court of Appeals for the Fourth Circuit.

/S/
Paul W. Grimm
United States District Judge